# Ott v. General Fire Extinguisher Company, Appellant.

*Negligence—Master and servant—Defective building—Case for jury.*

In an action to recover damages for the death of defendant's superintendent caused by the falling of a tank containing 15,000 gallons of water, the case is for the jury where the evidence tends to show that the tank fell because the steel substructure on which it rested gave way, that the substructure was defective in design and of insufficient strength to support the tank when filled with water; and that the design was an unusual one and had been selected and approved by the defendant.

Argued Oct. 20, 1909. Appeal, No. 101, Oct. T., 1909, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1905, No. 488, on verdict for plaintiff in case of Pamelia Ott v. General Fire Extinguisher Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART., JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before FORD, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for· $12,000.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Wm. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.

*A. B. Reid,* with him *W. F. McCook, B. J. Jarrett* and *A. V. D. Watterson,* for appellee.

PER CURIAM, January 3, 1910:

The plaintiff's husband was employed by the defendant to superintend the installing of an automatic fire extinguishing system and was killed by the falling of a tank, containing 15,000 gallons of water, which a subcontractor under the defendant had constructed on the roof of the building. The testimony on behalf of the plaintiff tended to show that the tank fell because the steel substructure on which it rested gave way; that the substructure was defective in design and of insufficient strength to support the tank when filled with water; and that the design was an unusual one and had been selected and approved by the defendant. The court could not properly have said that under the testimony the plaintiff had not made out a case for the jury.

·The judgment is affirmed.